## MARIO MERCADO E HIJOS *v.* COMMINS ET AL.

No. 497. Argued April 24, 1944.—Decided May 29, 1944.

*Messrs. William Cattron Rigby* and *Pedro M. Porrata,* with whom *Mr. Fred W. Llewellyn* was on the brief, for petitioner.

*Mr. Celestino Dominguez Rubio* submitted for respondents.

MR. CHIEF JUSTICE STONE delivered the opinion of the Court.

Rule 39 (b) of the Court of Appeals for the First Circuit, effective September 20, 1940, authorizes the summary dismissal or affirmance of judgments appealed from the Supreme Court of Puerto Rico involving only questions of local law, unless it appears from the record and appellant's required "statement on appeal" that the judgment appealed from "is 'inescapably wrong' or 'patently erroneous' (*Sancho Bonet* v. *Texas Co.*, 308 U. S. 463 (1940))." In this, as in the companion case, *DeCastro* v. *Board of Comm'rs of San Juan, ante,* p. 451, we granted certiorari on a petition raising important questions concerning the appellate review by federal courts of decisions of the Supreme Court of Puerto Rico in matters of local concern. The petition here presents for decision the question (1) whether the application of Rule 39 (b) involves an abdication of the duty of the Court of Appeals to hear and decide such appeals on the merits, on brief and argument, as are other appeals; and (2) whether the decision of the Insular Supreme Court of Puerto Rico is so manifestly correct as to make any appeal from it necessarily frivolous and thus warrant dismissal of the appeal without a hearing, on mere inspection of the face of the record.

Petitioner, an agricultural partnership, by petition in the insular District Court of Ponce, P. R., sought rescission of a sale of a plantation known as "Indios," made by respondent Commins to others of the respondents, as in violation and in fraud of an option to purchase the property given by respondent Commins to petitioner. After a trial, the District Court made findings of fact on the basis of which it gave judgment for respondents. The Supreme Court of Puerto Rico confirmed the findings of

the District Court and affirmed the judgment. 60 D. P. R. 877 (Spanish edition). On appeal to the Court of Appeals for the First Circuit, under 28 U. S. C. § 225 (a), that court, on consideration of the typewritten record and appellant's statement on appeal, and without hearing argument and without an opinion, affirmed under its Rule 39 (b).

The District Court and the Supreme Court both found the facts as follows: In 1932 respondent procured a loan from petitioner of more than $40,000, for which respondent Commins gave petitioner four promissory notes payable to "the holder by endorsement," secured by a mortgage, not specifically naming any mortgagee, on respondent Commins' undivided interest in two plantations, "Indios" and "Juanita," then owned jointly by her and her sister. At that time petitioner was a tenant of both plantations under lease, that of "Indios" expiring in 1937, that of "Juanita" in 1938. The mortgage contract stipulated that Mrs. Commins upon three months' written notice might at any time before maturity pay the mortgage credits. It also provided that "the debtor, as a part of the consideration of this contract, agrees with the partnership Mario Mercado e Hijos, so long as the mortgage credit herein constituted is not paid, to grant it priority to purchase and sell or lease her undivided joint interest in the estates 'Indios' and 'Juanita' upon the same price and terms" as those on which she should be willing to sell or lease to any other purchaser or lessee. It further provided "to this effect, the debtor shall advise, unless such mortgage credit is paid . . . of any offer of sale or lease made to her."

The following year, 1933, petitioner sold the promissory notes to the heirs of Jose Tous Soto, the transfer being effected by delivery of the notes and by a deed executed by petitioner which purported to assign to the heirs the "mortgage credits" and guaranteed payment in monthly

installments of the stipulated interest of 9% due on the notes less ¾ of 1%, which it was agreed petitioner should retain for itself. No mention was made in the deed of the option secured to petitioner by the mortgage contract but both of the insular courts made findings which petitioner contends establish that the option was not intended to be assigned, but that the rights under it were to be retained by petitioner. Three years later, in 1936, the interests of the owners in the two estates were partitioned between Mrs. Commins and her sister, Mrs. Commins receiving the plantation "Indios" by the partition deed in which petitioner joined for the purpose of consenting to the partition. The trial court made findings which can be interpreted as meaning that all the respondents were in fact aware that it was the understanding of petitioner and the transferees of the mortgage creditors that the option was to remain the property of petitioner.

In February, 1937, Mrs. Commins gave a new short term mortgage for $45,000 on "Indios" plantation to respondent Manuel Francisco Lluberas Passarell. The proceeds, to the extent of $41,000, were by her direction used to pay her mortgage indebtedness, with three months' interest in advance, to the heirs of Jose Tous Soto, the transferees of the mortgage credits, who, on receipt of the payment, cancelled the mortgage. Immediately following the cancellation Mrs. Commins sold and conveyed by deed the estate "Indios" to respondent Lluberas Passarell and his sisters, who are also respondents. It is this deed which petitioner seeks to cancel as in violation of the option.

In affirming the judgment of the Ponce District Court which denied the petition for cancellation of the conveyance, the Supreme Court of Puerto Rico rested its decision on two independent grounds, either one of which, if supportable, is sufficient to sustain it. Construing and applying the relevant provisions of Art. 152 of the Puerto

Rico mortgage law and §§ 1418 and 1759 of the Civil Code of Puerto Rico, 1930 edition,[1] it concluded that the transfer by petitioner of the mortgage credits to the heirs of Jose Tous Soto without reservation of the option to purchase, "conveyed" to the heirs, petitioner's rights under the option as an inseparable incident of the credits so that after the transfer petitioner was not entitled to exercise the option. It also concluded that since the option was for "so long as the mortgage credit here constituted is not paid" it became "extinguished" by virtue of the payment of the mortgage and could not thereafter be exercised. It further held that petitioner had failed to prove that the sale of "Indios" by respondent Commins, after the assignment by petitioner of the mortgage credits, and after the payment of the mortgage and the expiration of the option, was in fraud of petitioner's rights under the option.

---

[1] Article 152 of the Puerto Rico Mortgage Law provides:

"A mortgage credit may be conveyed or assigned to a third person in whole or in part, provided it be effected by means of a public instrument, notice of which is given to the debtor, and that it be recorded in the registry.

"The debtor shall not be bound by said contract to any further extent than he was by his own.

"The assignee shall be subrogated to all the rights of the assignor."

Section 1418 of the Civil Code of Puerto Rico provides:

"The sale or assignment of a credit includes that of all the accessory rights, such as the security, mortgage, pledge, or privilege."

Section 1759 of the Civil Code of Puerto Rico provides in part:

"The pledge and the mortgage are indivisible, even if the debt should be divided among the legal representatives of the debtor or of the creditor.

"Therefore, an heir of the debtor who may have paid a part of the debt can not request that the pledge or mortgage be proportionately extinguished as long as the debt has not been paid in full.

"Neither can the heir of the creditor, who received his part of the debt, return the pledge nor cancel the mortgage to the prejudice of the other heirs who have not been paid."

The court did not pass upon the contention that the option to purchase was void as an agreement "enabling the mortgagee to adjudicate to itself the mortgage property" comparable to agreements for collateral advantage "clogging" the equity of redemption deemed unlawful in Anglo-American mortgage law. *Jennings* v. *Ward*, 2 Vern. 520; *Samuel* v. *Jarrah Timber & Wood Paving Corp.*, L. R. [1904] A. C. 323; 21 Harv. L. Rev. 459. But assuming the validity of the option, as did the Supreme Court of Puerto Rico, its view that rights acquired by a mortgagee as an incident to the mortgage debt passes to the transferee of the debt by assignment, whether mentioned in the assignment or not, is not unknown to our law. Cf. *Sheldon* v. *Sill*, 8 How. 441, 450; *Batesville Institute* v. *Kauffman*, 18 Wall. 151, 154; Jones on Mortgages, § 1033; and see *North British & Mercantile Ins. Co.* v. *Rose*, 228 F. 290, 292. And it is a familiar rule of our law that, save in exceptional circumstances not present here, an option can only be exercised in conformity to its terms and never after the time fixed for its expiration. *Waterman* v. *Banks*, 144 U. S. 394, 401-3; *Kelsey* v. *Crowther*, 162 U. S. 404, 409; *Lord Ranelagh* v. *Melton*, 2 Drewry & Smale 278.

Petitioner has furnished us with no persuasive evidence that the law is otherwise in Puerto Rico. On the contrary the Puerto Rican Supreme Court's decision that the option was necessarily assigned with the mortgage is not without support in the statutory provisions which it cited, and to which we have referred.[2] Whether the option was so transferred or not it is difficult to see upon what legal theory any system of law could in the circumstances of this case read into an option to purchase, a term prolong-

[2] As the Puerto Rican Supreme Court pointed out, the option here could properly be regarded as "an accessory right" or "privilege," within the meaning of § 1418 of the Civil Code, quoted *supra* note 1. See Manresa, Commentaries on the Civil Code, Vol. 10, pp. 402-9.

ing the period specified for its exercise. Petitioner has advanced no such theory and cites no authority which would support it.

As we have said in the *DeCastro* case, the duty of the Court of Appeals and of this Court to examine and appraise local law in cases brought for review from the insular courts cannot ordinarily be discharged summarily. But full argument in this case has not developed any issue of Puerto Rican law, or any question of the deference rightly to be paid to the decisions of the highest court of Puerto Rico, so substantial as to preclude the summary disposition made of this case by the Court of Appeals.

*Affirmed.*