MERCADO RIERA v. MERCADO RIERA et al.

SAME et al. v. MERCADO RIERA.

Nos. 4256, 4264.

Circuit Court of Appeals, First Circuit.

April 9, 1948.

Rehearing Denied May 13, 1948.

Pedro M. Porrata and Benjamin Ortiz, both of Ponce, Puerto Rico, Edward J. Mc-Gratty, Jr., and Davis, Polk, Wardwell, Sunderland & Kiendl, all of New York City, Charles Cuprill Oppenheimer, for Mario Mercado Riera, Executor.

José A. Poventud, of Ponce, Puerto Rico, for Adrian and Margarita Mercado Riera.

Celestino Iriarte, F. Fernandez Cuyar and H. Gonzalez Blanes, all of San Juan, Puerto Rico, for Maria-Louisa Mercado Riera.

Before MAGRUDER, MAHONEY and WOODBURY, Circuit Judges.

WOODBURY, Circuit Judge.

These are cross-appeals from a final decision of the Supreme Court of Puerto Rico in proceedings on the final account of Mario Mercado Riera as testamentary executor of his deceased father's estate. It is the accounting proceedings to which we referred incidentally as "raging in the insular courts" in our opinion on another phase of this bitter and long drawn out controversy between three of the decedent's four children, heirs and equal residuary legatees. Mercado Riera v. Mercado Riera, 1 Cir., 152 F. 2d 86, 91.*

The final account here in issue was submitted by the executor, now the ex-executor, in March, 1940, subject to supplementary accounts, and thereupon his brother and one of his sisters (the other sister has remained neutral throughout this sordid dispute) filed 19 objections thereto in the insular district court of Ponce. That court, after hearing testimony for 31 days and considering briefs totaling 700 typewritten pages, filed an opinion of 30 typewritten pages in accordance with which it entered a "final order or decree" modifying the executor's account in 11 particulars, and as so modified, approving it.

Thereupon both the executor and the opposing heirs appealed to the Supreme Court

---

* On this previous appeal we affirmed judgments of the Supreme Court of Puerto Rico ordering the executor to distribute the estate in his hands according to the terms of a certain compromise contract executed by the four heirs and other interested parties on September 9, 1938.

of Puerto Rico—the former attributing 20 errors to the insular district court and the latter 13—and submitted to that court a record consisting of 2,838 pages of testimony, 855 pages of documentary evidence, and briefs totaling 881 pages. The Supreme Court of Puerto Rico, remarking that "it will be seen that it has been no easy task to extract from that mountain of papers the very simple questions involved in this long and seemingly interminable dispute", considered every one of the errors attributed by the parties to the district court in an opinion of 66 typewritten pages and an opinion on re-hearing of 15 typewritten pages. As a result that court entered a judgment modifying the "decision or final order" of the district court in 9 particulars, and as so modified, affirming it "without special imposition of costs."

The ex-executor then appealed to this court under 28 U.S.C.A. § 225(a), Fourth, and the opposing heirs as appellees filed a motion under our Rule 39(b) to dismiss or in the alternative to affirm. Subsequently the opposing heirs also appealed, but the executor as appellee therein has never filed or asked to file a motion to dismiss or affirm similar to the one filed by the opposing heirs as appellees in the other appeal. However, this does not preclude us from dealing with both appeals at this stage since under our rule this court may "upon its own motion, dismiss the appeal or affirm the judgment appealed from where the law and justice of the case so require." In our opinion the law permits and justice requires that the judgment of the Supreme Court of Puerto Rico should be summarily affirmed on both appeals.

Both parties as appellants, now apparently for the first time, assert the existence of a wide variety of questions of federal law. We have carefully considered their assertions and find them wholly unwarranted. Indeed we find them so unwarranted that it would serve no useful purpose even to catalogue them, far less to discuss them.

All that is presented by these appeals are pure questions of local law, and only two of them are of consequence. They are with respect to the executor's compensation and with respect to the guardianship of a minor, and they are the two questions which the Supreme Court of Puerto Rico granted re-hearing to consider more fully. Therefore both of these questions have received particularly careful and full consideration by the court appealed from. Not only can we discern no "clear or manifest" error, or anything "inescapably wrong" (De Castro v. Board of Commissioners, 322 U.S. 451, 458, 64 S.Ct. 1121, 88 L.Ed. 1384, and cases cited) in the decision of either of these questions of purely local concern, or of any of the multitude of other similar questions presented, but we cannot even discern any error at all in their decision. Indeed, an inspection of the record and a study of the painstaking opinion of the Supreme Court of Puerto Rico, in which all questions presented were carefully, even elaborately, discussed, leaves us with the firm conviction that a hearing on these appeals could not possibly disclose the existence of any error of sufficient magnitude to warrant reversal. Under these circumstances it seems to us that the law permits summary affirmance under our Rule 39(b) since a hearing on the appeals would clearly be futile (Mario Mercado E Hijos v. Commins, 322 U.S. 465, 466, 64 S.Ct. 1118, 88 L.Ed. 1396) and that justice requires summary affirmance in order to prevent further useless expense and delay in this already overly long and undoubtedly very expensive litigation. Appropriate orders will be entered in both appeals.