MANUEL FRANCISCO LLUBERAS PASARELL ET AL., Plaintiffs, Appellees and Appellants, *v.* MARIO MERCADO E HIJOS, ETC., Defendant, Appellant and Appellee.

No. 10614.  Argued November 8, 1954.—Decided November 24, 1954.

*Pedro M. Porrata, Charles Cuprill* and *Santiago Polanco Abréu* for defendant, appellant and appellee. *Leopoldo Tormes García* for plaintiffs, appellees and appellants.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

The history of this litigation will be found in *Lluberas v. Mario Mercado e Hijos*, 55 P.R.R. 39; *Mario Mercado e Hijos v. Olivieri*, 60 P.R.R. 855, affirmed in *Mercado v. Commins*, 322 U. S. 465; and *Lluberas v. Mario Mercado e Hijos*, 75 P.R.R. 7. In the latter case we affirmed the judgment of the trial court insofar as it held that the possession and use of the tracts of land involved herein by the defendant from June 2, 1937 to November 3, 1945 was in bad faith and that the plaintiffs were entitled to recover from the defendant for the fruits the said land yielded or might have yielded during that period. However, we reversed the judgment granting $41,345.56 for such fruits because the trial court took into consideration in determining the fruits statistics and a Table in a book entitled *"La Industria del Azúcar de Caña en Puerto Rico"*, published by the Minimum Wage Board, which had not been admitted in evidence. We therefore reversed the judgment and remanded the case to the trial court pointing out that "...it was the duty of the lower court to base its judgment on the evidence submitted by both parties, settling the conflict therein, believing that which in its judgment was worthy of belief and arriving at the conclusions which in its opinion were proper."

When our mandate reached the Superior Court, it called on the parties to inform it as to what steps should be taken in the case. Neither party requested the taking of additional testimony; both parties in effect took the position that the trial court should decide the case on the testimony adduced at the previous trial. Subsequently, the trial court entered an order in which it stated (1) that in examining a witness counsel for the defendant had referred to the book entitled *"La Industria del Azúcar de Caña en Puerto Rico"*, and (2) that the trial court believed it appropriate to consult

the said book in deciding the case, as it had done in its first decision. The court therefore fixed a date to hear the parties thereon and to give them an opportunity to explain or refute the said book and table contained therein. At this hearing the plaintiffs asserted that they had no objection to the use by the trial court of the material in the book, but the defendant took the position that our mandate and opinion in 75 P.R.R. 7 prevented the trial court from so doing.

In its "Conclusions and Opinion" disposing of the case for the second time the trial court included an extensive footnote in which it insisted, with all due respect and deference to this Court, that it had not erred in its previous decision in taking into consideration the book published by the Minimum Wage Board and the Table and statistics contained therein. It also asserted that it could now take the said material into consideration in view of the fact that it had given the parties an opportunity to explain it, citing the opinion of Mr. Justice de Jesús in *Rosado* v. *Rosario*, 69 P.R.R. 158, 162, footnote 1.[1] However, the trial court pointed out that "...it is not indispensable now, as it was not originally, to rely...on the said book...to decide this case." The court then stated in substance that, on the basis of the testimony in the record, it reiterated its findings of fact as to the fruits to which the plaintiffs were entitled in the amount of $41,345.56, as set forth in our opinion in 75 P.R.R. 7. The court also denied the petition of the plaintiffs for interest on the amounts awarded to it as fruits and reaffirmed its decision at the first trial that the plaintiffs were not entitled to fruits as to coconut or corn crops, but that they were entitled to $4,000 as attorney's fees.

■■ The first assignment of the defendant-appellant is that the trial court failed to comply with our mandate not to

---

[1] There was no majority opinion in the *Rosado* case. This is made clear in the Spanish version, 69 D.P.R. 169, 170. In addition, the charts in that case concerned a somewhat different problem than the book involved herein as applied to the facts of this case.

take into consideration the book entitled *"La Industria del Azúcar de Caña en Puerto Rico"*. We do not stop to consider the statement of the trial court that we erred in our first decision as to its use of the said book. "Litigation must end at some point." *Olmedo* v. *Rivera*, 65 P.R.R. 45, 52. Our ruling in 75 P.R.R. 7 constitutes the law of the case. *West India Oil Co. (P. R.)* v. *Buscaglia, Treas.*, 68 P.R.R. 733, 734. On receipt of our mandate, "...it is the duty of the...[trial court] to confine itself to a compliance with what is ordered...". *Fiddler* v. *Tax Court*, 68 P.R.R. 784, 788. Nor do we concern ourselves with whether at the new hearing, without introduction in evidence of the book in question, the trial court could take it into consideration by use of the method pointed out in the opinion of Mr. Justice de Jesús in *Rosado* v. *Rosario, supra*, 162, footnote 1. *Cf.* footnote 1 of this opinion. This is a speculative matter as the trial court finally rested its judgment on the other evidence which was in the record. We are therefore unable to agree with the defendant that the trial court failed to comply with our mandate not to take into consideration the book in question in deciding the amount of the fruits to which the plaintiffs were entitled.

■ The second assignment is related to the first. Here the defendant-appellant asserts that, in using the table in the book published by the Minimum Wage Board, the trial court failed to give any weight to the fact that one-third or more of the revenue produced by a ton of cane belongs to the mill which grinds it. As already noted, the trial court did not rely on the table in finally deciding the case. Moreover, the other testimony on which it did rely clearly refers to the net profits of the farmer.

■ The third assignment is that the lower court erred in weighing the evidence. We see no purpose in setting forth all the testimony in this case. It is enough to say that we find sufficient evidence in the record to sustain the judgment.

The fourth assignment is directed to the award to the plaintiffs of $4,000 as attorney's fees. We find no error in the action of the trial court in this respect.

■■ As to the plaintiffs' appeal, we cannot agree that the record requires us to grant them fruits for coconut and corn crops. Likewise, they are not entitled to the interest on the amounts awarded as fruits until after judgment. See *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 663, and cases cited. There is nothing in *Costas* v. *G. Llinás & Co.*, 66 P.R.R. 688, 707, footnote 15, to the contrary.

The judgment of the Superior Court will be affirmed.

Mr. Justice Negrón Fernández, Mr. Justice Ortiz and Mr. Justice Belaval did not participate herein.