**MARIO MERCADO E HIJOS,**
Defendant, Appellant,

v.

Manuel Francisco LLUBERAS PASA-RELL et al., Plaintiffs, Appellees.

No. 5015.

United States Court of Appeals
First Circuit.

Sept. 12, 1955.

Pedro M. Porrata, Ponce, Puerto Rico, Benjamin Ortiz, San Juan, Puerto Rico, and Charles R. Cuprill, Ponce, Puerto Rico, on motion, for appellant.

Leopoldo Tormes Garcia, Ponce, Puerto Rico, on original motion to dismiss or affirm, for appellees.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

In June, 1951, the Superior Court of Puerto Rico, Ponce Section, adjudged that the appellant had been in possession of a farm illegally and "in bad faith" from June 2, 1937 to November 3, 1945, and ordered payment of damages to the appellee as the rightful owner of the farm in the amount of $41,345.56 representing the estimated value of "the fruits the said land yielded or might have yielded during that period." On appeal the Supreme Court of Puerto Rico affirmed the judgment of the Superior Court as to liability but it remanded the case for a redetermination of damages on the ground that the amount of the award had been determined by calculations based on statistical data appearing in a document which had not been introduced in evidence. The Superior Court upon remand, after ascertaining that neither party wished to introduce any further evidence, reassessed damages in the identical amount of its for-

mer award, saying that the document upon which it had erroneously relied before was not "indispensable," and that there was ample evidence in the record without considering that document, particularly the oral testimony of an expert witness, upon which to base an award of damages in the same amount as the original award. On appeal the Supreme Court of Puerto Rico affirmed, resting its affirmance expressly on the ground that it agreed with the Superior Court that the record contained evidence aside from the above mentioned document sufficient to sustain an award of damages in the amount of $41,345.56. Thereupon the appellant took the present appeal to this court.

The appellant in the statement on appeal required by our Rule 39 asserts that we have appellate jurisdiction under Title 28 U.S.C. § 1293 not only because a federal question is involved, but also because this is a civil case in which the value in controversy exceeds $5,000 exclusive of interest and costs.

The federal question asserted is a deprivation of due process of law as guaranteed by the Fifth (or Fourteenth) Amendment. It is said that the identity to a cent of the two awards of damages indicates unmistakably that the Superior Court of Puerto Rico, Ponce Section, in spite of what it said, must necessarily have rested its second award of damages upon the same invalid ground upon which it rested its first award, *i. e.* the document not introduced in evidence. Wherefore, the argument runs, the Supreme Court of Puerto Rico by affirming the second award permitted a judgment to stand even though it did not rest upon evidence in the record which, the appellant says, is arbitrary and capricious and constitutes a deprivation of due process of law.

This federal question was not presented to the Supreme Court of Puerto Rico in any way, shape or manner, although it undoubtedly might have been. Therefore, under the decisions of this court that question is not before us and cannot be relied upon as a basis for our appellate jurisdiction. Ramos v. Leahy, 1 Cir., 1940, 111 F.2d 955; Romero v. People of Puerto Rico, 1 Cir., 1950, 182 F.2d 864; Prensa Insular De Puerto Rico v. People of Puerto Rico, 1 Cir., 1951, 189 F.2d 1019; Corretjer v. People of Puerto Rico, 1 Cir., 1952, 194 F.2d 527. Thus our appellate jurisdiction can only rest upon the ground that this is a civil case involving the requisite amount in controversy, and in this situation, only local law being involved, the appellant under our Rule 39(b) must show in the statement on appeal required by that rule that the judgment appealed from is "inescapably wrong" or "patently erroneous." Sancho v. Texas Co., 1940, 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401; De Castro v. Board of Commissioners, 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384. We think this requirement has not been fulfilled.

In Mario Mercado E Hijos v. Commins, 1944, 322 U.S. 465, 64 S.Ct. 1118, 88 L.Ed. 1396, the Supreme Court of the United States granted certiorari to review a summary affirmance by this court under our Rule 39(b) of a decision of the Supreme Court of Puerto Rico. There the question of "local law" involved was whether an option to purchase given in a mortgage of land passed to an assignee of the mortgage and whether the option terminated with the payment and discharge of the mortgage. The Supreme Court of Puerto Rico answered both questions in the affirmative and we affirmed summarily on the ground that the appellant had failed to show in the statement on appeal required by our rule that the decision appealed from was "inescapably wrong" or "patently erroneous." The Supreme Court of the United States affirmed and said in 322 U.S. at page 471, 64 S.Ct. at page 1121:

"As we have said in the De Castro case [De Castro v. Board of Commissioners, 1944, 322 U.S. 451, 457, 64 S.Ct. 1118, 88 L.Ed. 1384], the duty of the Court of Appeals

and of this Court to examine and appraise local law in cases brought for review from the insular courts cannot ordinarily be discharged summarily. But full argument in this case has not developed any issue of Puerto Rican law, or any question of the deference rightly to be paid to the decisions of the highest court of Puerto Rico, so substantial as to preclude the summary disposition made of this case by the Court of Appeals."

We are of the opinion that there is, if anything, less doubt about the correctness of the decision appealed from in this case than there was in Mario Mercado E Hijos v. Commins, supra.

There is no suggestion that the amount awarded by the Superior Court the second time is not within the range of the evidence on damages. The contention is that the Superior Court did not do what it said that it did in determining the amount of its second award. We do not see how it can possibly be said that the Supreme Court of Puerto Rico was "inescapably wrong" or "patently erroneous" in according face value to the Superior Court's statement that it did not base its second award of damages on the document not introduced in evidence but instead based its award on evidence in the record. We are convinced that an appeal to this court would only waste counsels' and our time and the parties' money. See Buscaglia v. Liggett & Myers Tobacco Co., 1 Cir., 1945, 149 F.2d 493, 496.

A question of *res judicata* as to the merits suggested in the appellant's statement on appeal has not been mentioned in this motion for reconsideration of our order summarily affirming the judgment below. We assume that it has been abandoned because of its obvious lack of merit.

The motion for reconsideration is denied.