**INTERNATIONAL BASIC ECONOMY CORPORATION, Defendant, Appellant,**

v.

**Luis BLANCO LUGO, Plaintiff, Appellee.**

**No. 5519.**

United States Court of Appeals First Circuit.

Nov. 6, 1959.

438

---

Jose L. Novas, San Juan, P. R., and Hartzell, Fernandez & Novas, San Juan, P. R., on the brief for appellant in opposition to motion to affirm or dismiss.

Francisco Ponsa Feliu, San Juan, P. R., and Felix Ochoteco, Jr., San Juan, P. R., on the brief for appellee in support of motion to affirm or dismiss.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

This court on May 21, 1959, filed a per curiam opinion in this case on a motion by the appellant to enlarge the record on appeal. 1 Cir., 267 F.2d 263, 265. In that opinion we discussed the effect of the amendment of the Judiciary Act of Puerto Rico by Law No. 115 enacted by the Legislature of Puerto Rico on June 26, 1958, on our appellate jurisdiction over the Supreme Court of Puerto Rico under Title 28 U.S.C. §§ 1293 and 1294 (5), and held that on appeals to this court from final decisions of the Supreme Court of Puerto Rico denying ("no ha lugar") applications to it for review of final judgments of the Superior Court of Puerto Rico "by way of certiorari issued at the discretion of the court" we would look only to the record submitted to the Supreme Court of Puerto Rico. We said at the end of our opinion:

"But since the review sought in the Supreme Court of Puerto Rico was available only in its discretion,

that court's action in denying the petition could be set aside by us only upon a finding of an abuse of discretion, and of course, in passing upon whether there was such abuse of discretion, we can only look to the record of the case as it was presented to the Supreme Court of Puerto Rico."

We therefore denied the appellant's motion for enlargement of the record on appeal.

The appellant filed its statement of points on appeal pursuant to our Rule 24(2), 28 U.S.C., and its statement on appeal pursuant to our Rule 39(a). The substance of the allegations in these documents is that the Superior Court of Puerto Rico made no findings whatever on certain crucial issues of fact, that certain of the findings of fact which it did make were without support in the evidence, that it acted throughout the trial with "manifest partiality" toward the plaintiff and that it "stated new and erroneous principles" of local law, both statutory and decisional. Wherefore it is asserted that the Supreme Court of Puerto Rico abused its discretion and was "inescapably wrong" and "patently erroneous" in refusing to review the decision of the Superior Court based on these manifest and glaring errors.

The appellee then moved under Rule 39(b) of this court to affirm or dismiss the appeal asserting that no substantial question was raised under the Constitution or laws of the United States and that the decision of the Supreme Court of Puerto Rico refusing to issue a writ of review involved an exercise of its discretion with respect to the interpretation of provisions of local law and that it was clear from the record and the statement on appeal that its decision was neither "inescapably wrong" nor "patently erroneous." De Castro v. Board of Commissioners, 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384, and cases cited.

It is clear that this case involves no substantial federal question. There is no doubt, however, that the value in con-

troversy between the parties exceeds $5,000, exclusive of interest and costs. Therefore this court has jurisdiction under the final provision of Title 28 U.S.C. § 1293. Having jurisdiction, the question before us is whether this is an appropriate case for us to exercise our power summarily to affirm under our Rule 39(b). See Mercado E Hijos v. Commins, 1944, 322 U.S. 465, 64 S.Ct. 1118, 88 L.Ed. 1396. We believe that it is.

The only issue before us on this appeal, as we pointed out in our earlier opinion herein, is whether the Supreme Court of Puerto Rico abused its discretion in denying the appellant's application to it for review "by way of certiorari" of the decision adverse to it entered by the Superior Court. The appellant's assertion is that the Superior Court's errors of fact and law were so clear, manifest, serious and fundamental that the Supreme Court must be said to have abused its discretion in not taking the case to correct those errors.

The appellant made no attempt to submit all the evidence in the case to the Supreme Court of Puerto Rico, although it might have done so under that court's Rule 15.1(b) quoted in the margin.* It included a few selected excerpts from the oral testimony in its petition for review, but it submitted with its petition only the basic pleadings (the complaint and answer), and the Superior Court's findings of fact and conclusions of law. On such a fragmentary record the Supreme Court of Puerto Rico was in no position to pass upon the appellant's contention that the findings were not supported by any evidence or that the findings were incomplete or that the Superior Court showed "manifest partiality" for the plaintiff. Without looking any further, the Supreme Court of Puerto Rico would be justified in rejecting for lack of supporting data the petitioner's contention that the Superior Court erred in its findings of fact or showed partiality. The winning party below and appellee herein, however, filed a partial transcript of the testimony with his opposition to the appellant's petition to the Supreme Court of Puerto Rico for review. It is worth while to note that this testimony gives no indication of partiality and seems rather clearly to demonstrate that the Superior Court's findings of fact are supported by substantial evidence and cover the essential issues. On the record before us no abuse of discretion by the Supreme Court of Puerto Rico has been shown insofar as this aspect of the case is concerned.

Nor does the appellant show to our satisfaction that the Superior Court erred in its interpretation and application of established principles of the local statutory and decisional law of agency. Certainly should we be called upon to consider the Superior Court's rulings of local law we would not be persuaded by the showing made by the appellant that that court's errors were "clear or manifest," or that its interpretations of local law were "inescapably wrong" or "patently erroneous." See De Castro v. Board of Commissioners, supra, 322 U.S. 454–459, 64 S.Ct. 1122–1125, and cases cited. On the contrary, the rules of law applied by the Superior Court to the facts as it found them seem to us "intelligible" and not "out of harmony with

---

\* "The petitioner in a petition for review or for certiorari, of the nature specified in paragraph (a), shall comply with Rule 15(c) of these Rules, and shall serve the adverse parties with copy of the memorandum required by the said Rule, together with the petition. Within ten (10) days after such service, or within such additional term as the Court may grant, the adverse parties shall file their objections to the petition, accompanied by a memorandum of authorities not to exceed ten (10) pages, notice of which shall be served on the petitioner. The petitioner when filing the petition, or the opposing parties when filing their answer, may, within the term granted by the Court, submit a total or partial transcript of the oral evidence, or of the agreed statement of the evidence, or of the statement of the case, and copy of any documentary evidence which might have been under the consideration of the Superior Court."

local law or practice," Id., 322 U.S. 459, 64 S.Ct. 1125.

Under these circumstances a full hearing on briefs and with oral argument would surely be futile and only a waste of time for all concerned.

Judgment will be entered affirming the judgment of the Supreme Court of Puerto Rico.