INTERNATIONAL BASIC ECONOMY
CORPORATION, Defendant,
Appellant,

v.

Luis BLANCO LUGO, Plaintiff, Appellee.

No. 5519.

United States Court of Appeals
First Circuit.

May 21, 1959.

Jose L. Novas, Hartzell, Fernandez & Novas, San Juan, P. R., and Herrick, Smith, Donald, Farley & Ketchum, Boston, Mass., for appellant.

Francisco Ponsa Feliu and Felix Ochoteco, Jr., San Juan, P. R., for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This case is now before us upon a motion by appellant having to do with the record on appeal to be certified by the Clerk of the Supreme Court of Puerto Rico.

On August 31, 1956, Luis Blanco Lugo filed in the Superior Court of Puerto Rico, San Juan Part, a complaint alleging that the plaintiff, at the instance and on behalf of the defendants, had laid

out certain sums of money in the purchase of various credits against Balet & Rodriguez, Inc., and that the defendants had refused to reimburse the plaintiff for the sums so advanced. On September 3, 1958, the Superior Court entered judgment for the plaintiff in this proceeding.

■ Not every final judgment by the Superior Court is appealable as a matter of right to the Supreme Court of Puerto Rico. Law No. 115, enacted by the legislature of Puerto Rico on June 26, 1958, amended the Judiciary Act of Puerto Rico so as to provide in part as follows (tit. 4, § 37, L.P.R.A.):

"(a) Except as provided in clause (d) of this section, final judgments rendered by the Superior Court in civil cases involving or deciding a substantial constitutional question under the Constitution of the United States or the Constitution of Puerto Rico, and final judgments in criminal cases originated in the Superior Court, shall be appealable to the Supreme Court. * * *

"(b) Any other final judgment of the Superior Court may, on request of the party aggrieved, be reviewable by the Supreme Court, by way of certiorari issued at the discretion of the court. * * *

"(c) The Supreme Court of Puerto Rico may, in the exercise of its discretion, issue a writ of certification to bring forthwith before it and to hear and resolve any case pending on appeal or review pending before the Superior Court, if it deems that the public importance thereof justifies a deviation from the regular procedure and a direct adjudication by the Supreme Court. * * *

"(d) Judgments rendered by the Superior Court in appeals coming from the District Court and in proceedings for review, based on the record of the proceedings had at the administrative level, or by way of trial de novo, of the rulings, orders or resolutions of administrative organizations, may be reviewed by the Supreme Court by way of certiorari to be issued at its discretion, and not otherwise."

We have no reason to doubt the competence of the legislature thus to regulate review in the Supreme Court of Puerto Rico of judgments of the lower insular courts. This is so, even though the Act of June 26, 1958, may have had an unintended effect upon review by the Court of Appeals for the First Circuit and by the Supreme Court of the United States of cases decided by the Superior Court of Puerto Rico. If such effect has been accomplished, it can only be by virtue of inadequate draftsmanship by the Congress in 28 U.S.C. §§ 1293 and 1294, under which the Court of Appeals for the First Circuit is vested only with jurisdiction to review final decisions of the Supreme Court of Puerto Rico. This jurisdictional language is to be contrasted with that of 28 U.S.C. § 1257, under which the Supreme Court of the United States is given jurisdiction to review, by appeal or by certiorari, final judgments or decrees "rendered by the highest court of a State in which a decision could be had". Compare also 28 U.S.C. § 1252, under which any party may appeal to the Supreme Court of the United States from an interlocutory or final judgment of any court of record in Puerto Rico holding an Act of Congress unconstitutional in any civil action.

When the Superior Court on September 3, 1958, entered its judgment against the defendants in this case, a review in the Supreme Court of Puerto Rico was sought by the discretionary route. On October 2, 1958, the corporate co-defendant filed in the Supreme Court of Puerto Rico a petition for review of the judgment of the Superior Court. Attached to the petition for review were (1) a copy of the amended complaint; (2) a copy of the answer thereto, and (3) the findings of fact and conclusions of law of the Superior Court judge. Luis Blanco Lugo, as the winning party

below, filed an opposition to this petition for review, and attached thereto a transcript of his own direct testimony in the Superior Court and the deposition of an officer of the corporate defendant. On November 10, 1958, the Supreme Court of Puerto Rico entered a simple order denying the petition for review ("no ha lugar"). A motion for reconsideration, filed with some exhibits on November 20, 1958, was denied by the Supreme Court on December 5, 1958. On December 9, 1958, a notice of appeal to this court from the judgment of the Supreme Court was filed.

The pending motion by appellant seeks to have added to the material hereinbefore enumerated, as part of the record on appeal, some documents and papers which were never before the Supreme Court of Puerto Rico. The motion is that this court enter an order "directing the Clerk of the Supreme Court of Puerto Rico to cause to be prepared a transcript of the proceedings in this case both before the Superior Court of Puerto Rico, San Juan Section, and before the Supreme Court of Puerto Rico, and to have such record translated and filed with this Court."

We think that this motion must be denied. Assuming for the moment, but not deciding, that 28 U.S.C. §§ 1293 and 1294 give us appellate jurisdiction to review decisions of the highest court in Puerto Rico in which a review could be had, the fact of the matter is that appellant has not sought to appeal from the judgment of the Superior Court of Puerto Rico. The only notice of appeal filed by appellant in this case, that of December 9, 1958, purports to take an appeal from the final decision of the Supreme Court of Puerto Rico dated November 10, 1958, denying the discretionary petition for review. There is no doubt that this judicial action by the Supreme Court of Puerto Rico is a "final decision", appealable to this court. See Jimenez v. Jones, 1 Cir., 1952, 195 F.2d 159, certiorari denied, Jimenez-Melendez v. Jones, 1952, 344 U.S. 840, 73 S.Ct. 52, 97 L.Ed. 654. But since

the review sought in the Supreme Court of Puerto Rico was available only in its discretion, that court's action in denying the petition could be set aside by us only upon a finding of an abuse of discretion, and of course, in passing upon whether there was such abuse of discretion, we can only look to the record of the case as it was presented to the Supreme Court of Puerto Rico.

An order will be entered denying appellant's motion looking to enlargement of the record on appeal.