CAROLINE M. DANKLESSEN *v.* THOMAS L. BRAYNARD.

The execution and delivery to the plaintiff of a written order by a third party, addressed to the defendant, directing the latter to pay over to the plaintiff certain prize moneys collected for his account from the United States government by the defendant: *Held*, sufficient to transfer the equitable title to the plaintiff so as to entitle him to maintain an action against the defendant for the money.

No particular form of words is necessary to create an equitable assignment. Any language which indicates a clear intention to appropriate the fund is sufficient.

The fact that the money in defendant's hands was prize money collected from the government does not invalidate the assignment, under the act of Congress

(Act of February 26, 1863), in relation to assignments of certain classes of claims against the United States government.

SPECIAL TERM, *December*, 1869.

MOTION for judgment on demurrer to the complaint.

The complaint alleged that the defendant was employed as a claim agent by one Griffiths, a gunner in the United States Navy, to collect certain prize moneys from the government; that said Griffiths had assigned all his rights in the moneys to be collected to the plaintiff, and had given her an order on the defendant as follows: "Please pay to Mrs. Caroline M. Danklessen, of 78 James street, my prize money due me as gunner's mate of the R. R. Cuyler when she captured the steamer Kate Dale, Eugene, Sea Lion, Hunter, &c., when you receive said prize money from the United States government. New York, November 10, 1863. Wm. Griffiths, gunner." That the defendant collected the money from the government, but detained the same, and refused to account to the plaintiff therefor, &c.

The defendant demurred to the complaint on the grounds:

1st. That the plaintiff had not legal capacity to sue;

2d. That the complaint did not state facts sufficient to constitute a cause of action.

*J. D. Billings*, for the motion.

*Sewell & Pierce*, opposed.

BRADY, J.—In this case, the order or draft upon which the action is based is an equitable assignment. No particular form of words is necessary to create such an instrument. Any language indicating a clear intention to appropriate the fund will effectuate the object (Willard's Eq. Juris. pp. 462, 463, and cases cited). The plaintiff having the equitable title may maintain the action (*Hastings* v. *McKinley*, 1 E. D. Smith, 273). There is nothing in the act of Congress of February 26, 1853, to which the defendant referred on the argument which affects this question. The plaintiff's right to maintain this action is founded upon an assignment of money in the de-

fendant's hands, which he collected from the United States for the assignor, and is not the assignment therefore of a claim against the United States. The plaintiff is entitled to judgment on the demurrer. Ordered accordingly, with leave, however, to the defendant to answer in twenty days, on payment of costs.

Ordered accordingly.