## BATESVILLE INSTITUTE *v.* KAUFFMAN.

1. Where the assignees of a claim on a third party have parted completely with their interest in it and, by a transfer, vested the entire title in others, they are not necessary parties in an equity proceeding by these others to enforce it.

2. An assignment of a debt carries with it an assignment of a judgment or mortgage by which it is secured.

3. Where a trustee is dead the trust being still alive and unexecuted, a court of equity will carry it out through any other appropriate person in whom

the control of the property may be; or if necessary, through its own officers and agents, without the intervention of a new trustee.

4. The civil war was flagrant in Arkansas from April, 1861, to April, 1866; and during this time the operation of the statute which limited the duration of liens to three years was suspended.

APPEAL from the Circuit Court for the Eastern District of Arkansas; the case being thus:

Womach and Welsh, builders, having a mechanics' lien against an edifice and the grounds on which it stood at Batesville, Arkansas, owned by a corporation of that State, known as the Batesville Institute, got judgment on the lien on the 15th of January, 1861. By the laws of Arkansas the liens of judgments continue three years from the day that they are rendered. Having thus got their judgment, and being indebted by promissory notes to a firm known as Hirsch & Adler, they assigned their lien by deed to one Gibbs, in trust, authorizing him to make the lien effectual in any and all ways, to pay Hirsch & Adler the notes out of its proceeds, and to return any surplus. Hirsch & Adler, in turn, assigned the notes to Kauffman & Co., of Louisiana, and by indorsement on it, in their firm name, all their "rights and interests" in the deed of trust.

In the spring of 1861 the rebellion broke out in Arkansas, and continued till the spring of 1866.

In this state of things, and the Batesville Institute having conveyed the legal title of the ground on which the building was, to one Cox, Kauffman & Co., setting forth in the same,

"That during the existence of the recent rebellion it was impossible, by reason of the resistance to the laws of the United States, to have said mechanics' lien foreclosed, all judicial proceedings in the courts of the United States being interrupted and suspended during a period of several years within the State of Arkansas; and also that before the close of the said rebellion the trustee named in the said deed of trust departed this life, and that there was no one left to execute the same,"—

now, on the 5th of March, 1868, filed their bill in the court below against the Batesville Institute and Cox, to enforce

payment of the lien against the edifice and lot, and in default of payment have them sold.

The defendants demurred, assigning as reasons:

1st and 2d. That the complainants showed no title which authorized a suit by them; the point of the objection being that the transfer of the *notes* of Hirsch & Adler did not pass the title to the judgment obtained on the mechanics' lien; and it being insisted that Hirsch & Adler were necessary parties to the suit.

3d and 4th. That Gibbs, the trustee, was dead, and no successor appointed in his place.

5th. That the lien of the judgment had been lost by lapse of time; the judgment having been recovered in March, 1861, and the present suit brought in March, 1868; an interval of seven years.

Womach, one of the defendants, made a further defence that the debt of the complainants had been paid by the rents and profits of the building received by them for several years past, or which they should have received.

The court below overruled the demurrer, and referred the matter of defence, set up, as just mentioned by Womach, to a master to take testimony and to report upon the subject. He took much testimony, and made a report, fixing the amount due to the plaintiffs at $14,410, for which sum the lien was ordered to stand, with interest at *ten* per cent., and the property decreed to be sold; costs to be paid by the defendants. From this action of the court below the present appeal was taken.

*Mr. A. E Garland, for the appellants; Mr. W. M. Rose, contra.*

Mr. Justice HUNT delivered the opinion of the court.

The demurrants object, first, that the complainants show no title which authorizes a suit by them. The point of this objection is that the transfer of the notes of Hirsch & Adler did not pass the title to the judgment on the mechanics' lien obtained for the security of the notes. It is further in-

sisted, under this head, that Hirsch & Adler were necessary parties to the suit.

Neither of these objections is sound. Hirsch & Adler had parted with their interest in the notes and in the judgment, and by their assignment had vested the entire title thereto in their assignees. The sole right of recovery is in the latter parties; and, if equities exist between them and their assignors, they are to be settled between them at their convenience and in their own manner. These defendants have no interest in that part of the transaction.*

Again, no principle is better settled than this, that the assignment of a debt carries with it an assignment of a judgment or mortgage by which it is secured. If a part only of the debt is assigned, a *pro tanto* portion of the security follows it.†

The third and fourth points of the demurrer rest upon the objection that Gibbs, the trustee, being dead, and no successor having been appointed, the trust cannot be enforced.

That the court have power to appoint a new trustee, and to compel the performance of the trust by him, is quite certain. It is, however, equally within the power of a court of equity to decree and enforce the execution of the trust through its own officers and agents, without the intervention of a new trustee.‡ If by the deed to Cox the legal title to the property is now in him or his representatives, a perfect execution of the trust may be effected through a decree that they shall convey the property to the parties entitled to it; or, the property may be decreed to be sold, and payment made from the proceeds of sale.

The remaining point of the demurrer alleges that the lien of the judgment has been lost by lapse of time; that the

---

* Allen v. Brown, 44 New York, 228; Danklessen v. Braynard, 3 Daly, 183.

† Pattison v. Hull, 9 Cowan, 747; Jackson v. Blodget, 5 Id. 202; Green v. Hart, 1 Johnson, 580; Martin ex dem. Weston v. Mowlin, 2 Burrow, 979; Prescott v. Hull, 17 Johnson, 284.

‡ Story, Equity Jurisprudence, §§ 976, 1060, 1061.

judgment was recovered more than three years before the filing of the bill, and that no good reason appears for not enforcing the same within the three years.   The bill alleges, " that during the existence of the recent rebellion it was impossible, by reason of the resistance to the laws of the United States, to have said mechanics' lien foreclosed, all judicial proceedings in the courts of the United States being interrupted and suspended during a period of several years within the State of Arkansas."   The judgment was recovered in March, 1861.   The present suit was commenced in March, 1868.   If from this period of seven years we except the time when civil war was flagrant in Arkansas, to wit, from April, 1861, until April, 1866, there remain but two years in which the statute of limitations was in force against this judgment.   These are the dates at which the war was officially recognized, and at which it was by proclamation officially declared to be at an end in Arkansas.*   It has been repeatedly held in this court that the statute of limitations was suspended in the rebellious States during the existence of the war.

We perceive no occasion to find fault with the principles on which the sum of $14,410 was fixed by the master as the amount due the complainants, or with the rate of interest given by the court below.   No authority is cited to show that this is a greater rate of interest than may be ordered by the courts of Arkansas in such cases.

The defendants resisted the complainants' claim, and, as the court held, unjustly.   It was competent to the court to decree that the defendants should personally pay the costs of such resistance.

JUDGMENT AFFIRMED.

---

* See Brown *v.* Hiatts, 15 Wallace, 182; The Protector, 12 Id. 700.