ALBERT D. WOOLEY ET AL.; EXECUTORS, v. SARAH J.
MOORE, EXECUTRIX.

1. An assignment of a bond for the payment of money, not limited in its
   scope, carries with it to the assignee a guaranty of such payment con-
   nected with the bond and intended to secure it.
2. The assignee may maintain an action on such guaranty in his own
   name, when the assignment was made prior to the amendment of sec-
   tion 19 of the Practice act (*Rev.*, p. 850), by the act of March 4th, 1890
   (*Gen. Stat.*, p. 2591, § 340), by the original terms of said section 19.

On demurrer to declaration.

The declaration sets out a bond from Charles Miller to
William H. Robinson; its assignment by Robinson to James
A. Punderferd; a guaranty of the payment of the sum named
in the bond made by defendant's testator in writing under
seal, and a subsequent assignment of the bond to plaintiffs'
testator. Recovery is sought upon the guaranty.

Argued at February Term, 1897, before MAGIE, CHIEF
JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPIN-
COTT.

For the plaintiffs, *Robert S. Woodruff* and *James Buchanan.*

For the defendant, *Aaron V. Dawes.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. Two questions are presented by
this demurrer and the briefs filed by counsel.

The first question is, upon the right of plaintiffs to main-
tain their action upon the guaranty of defendant's testator in
their own names.

As the assignment of the bond, which was the subject of
such guaranty, to the plaintiffs' testator was made before the
passage of the amendment of section 19 of the Practice act

by the supplement approved March 4th, 1890, the terms of that section as amended are not involved, for it has been held in this court not to have a retrospective effect. *Lydecker* v. *Babcock,* 26 *Vroom* 394.

But we think that by the terms of section 19, before amendment, as they were interpreted by this court in *Marts* v. *Cumberland Insurance Co.,* 15 *Vroom* 478, plaintiffs' testator, if surviving, had a clear right to sue thereon in his own name, and it is not denied that, if such were the case, his personal representatives may, after his death, maintain the action in their names.

The second question is whether, upon the facts stated in the declaration, platintiffs' testator acquired any right of action upon the guaranty.

The declaration does not show any express assignment of the contract of guaranty. If plaintiffs' testator acquired any right of action thereon, it must have been by the assignment to him of the bond the payment of which was guaranteed.

The researches of counsel and my own have failed to discover that the precise question thus presented has been authoritatively dealt with in the courts of this State. In *Hayden* v. *Weldon,* 14 *Vroom* 128, a question arose regarding the effect of an irregular endorsement upon a promissory note, made after the note had come into existence, and the liability of such an endorser to a holder to whom the note had been transferred. It was held that such an endorsement gave no authority to the holder to write over it a contract of guaranty. Mr. Justice Knapp, in his opinion in that case, proceeded to discuss the question whether, if the contract of the irregular endorser could be considered as a guaranty, it would be governed by the law relating to commercial paper, and the guarantor would be debarred from questioning its consideration. In that discussion the learned judge expressed some opinion as to the transmissibility of collateral guaranties by a transfer of the original debt, which were unnecessary to the decision and were, moreover, largely founded upon cases in the courts of

New York which have since been overruled. In our judgment that case does not determine the question now presented.

Elsewhere the decisions upon the question before us are conflicting, as will be seen by the cases collected in *Brandt S. & G.*, §§ 33, 35. See, also, 2 *Dan. Neg. Inst.*, § 1774 *et seq.*

An examination of the cases has led us to the conclusion that the better view is that an assignment of the principal debt, if not limited in its scope, carries with it the promises and undertakings connected therewith and tending to secure its payment. *Craig* v. *Parkis*, 40 *N. Y.* 181; *Claflin* v. *Ostrom*, 54 *Id.* 581; *Stillman* v. *Northrup*, 109 *Id.* 473; *Lemmon* v. *Strong (Conn.)*, 22 *Atl. Rep.* 293.

For this reason we think the declaration discloses a cause of action in plaintiffs and the demurrer must be overruled.