## RECONSTRUCTION FINANCE CORPORATION v. O'KEEFE.

### No. 6631.

Circuit Court of Appeals, Third Circuit.

Aug. 12, 1938.

Evans, Bayard & Frick and Richardson Dilworth, all of Philadelphia, Pa., for appellant.

Bourgeois & Coulomb, of Atlantic City, N. J. (Harry R. Coulomb, of Atlantic City, N. J., of counsel), for appellee. ·

Before DAVIS and BIGGS, Circuit Judges, and MARIS, District Judge.

DAVIS, Circuit Judge.

The question here at issue is whether or not the appellee, as receiver of a bank which had pledged some, but not all, of certain promissory notes held by it, as security for a loan from the appellant, must pay the appellant the full amount of the notes so pledged, out of a fund realized on collateral held by the bank on all of the notes.

This appeal grows out of the following facts: The Elredge Express and Storage Warehouse Company, hereinafter called the Elredge Company, at various times borrowed sums of money from the Atlantic City National Bank, hereinafter called the Bank. The Elredge Company gave the Bank its promissory notes for these loans and also pledged with it a policy of insurance in the sum of $100,000 on the life of Willard Elredge, president of the Elredge Company, "as security for all moneys now due * * * or to become due" from it to the Bank. The Bank at various times in 1932 and 1933 borrowed sums

amounting to over $100,000 from the appellant and pledged with it as security some but not all of the notes of the Elredge Company. It did not, however, assign to the appellant any interest in the policy of insurance, nor did the appellant know that the Bank held the policy as security for these notes. Shortly after a receiver had been appointed for the Bank, Willard Elredge died, and $76,886.83 was realized on the insurance policy on his life. The appellee, successor to the original receiver, has come into possession of this fund and all the other assets of the Bank.

The appellant, learning of these facts, brought suit against him on the theory that it was entitled to payment in full out of the insurance fund of all of the notes of the Elredge Company held by it as security on its loan to the Bank. At the time the suit was brought, both the appellant and the receiver held notes of the Elredge Company, the appellant to the extent of $40,111.65, and the receiver to the extent of $126,054.-15.

The District Court held that both the appellant and the receiver were entitled to pro rata shares of the insurance fund thus allowing $18,560.12 to the appellant and $58,326.71 to the receiver.

The appellant, believing that it was entitled to receive $40,111.65, the full amount of the notes held by it, appealed to this court.

Since the transactions here involved took place in New Jersey, the law of that state controls the issues in this case. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. ——, 114 A.L.R. 1487, decided April 25, 1938; Ruhlin v. New York Life Insurance Co., 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. ——, decided May 2, 1938.

If the Bank was not in the hands of a receiver with the consequent involvement of the rights of other creditors, the appellant would be entitled to be paid the entire amount of the Elredge Company notes held by it as security. Batesville Institute v. Kauffman, 85 U.S. 151, 18 Wall. 151, 21 L.Ed. 775. But it is in the hands of a receiver and under the law of New Jersey the appellant is entitled to only a pro rata share in the fund here involved. Kelly v. Middlesex Title Guarantee & Trust Co., 115 N.J.Eq. 592, 171 A. 823.

The decree of the District Court is affirmed.