JOHN C. BELL, Jr., SECRETARY OF BANKING OF THE COMMONWEALTH OF PENNSYLVANIA, RECEIVER OF THE BANKERS TRUST COMPANY OF PHILADELPHIA, SUBSTITUTED IN THE PLACE AND STEAD OF R. W. DOTY, SECRETARY OF BANKING OF THE COMMONWEALTH OF PENNSYLVANIA, RECEIVER OF THE BANKERS TRUST COMPANY OF PHILADELPHIA, PLAINTIFF, v. JOHN B. KATES, DEFENDANT.

Submitted January 29, 1941—Decided March 3, 1941.

Before Justice Perskie, at chambers, pursuant to statute.

For the rule, *Grover C. Richman.*

For the defendants John B. Kates and Delaware River Joint Commission, *T. Harry Rowland.*

*Contra, Emory S. Kates, pro se.*

Perskie, J.   This matter is before me on the return of a rule to show cause why an order for an execution against the

wages of John B. Kates should not be vacated because of alleged constructive fraud. The facts are stipulated.

John C. Bell, Jr., Secretary of Banking of the Commonwealth of Pennsylvania, receiver of the Bankers Trust Company of Philadelphia, the substituted plaintiff, recovered a judgment against the defendant, John B. Kates. This judgment was entered on December 31st, 1934, and there is now due thereon the sum of $14,625.99 with interest.

Subsequent to the date of the aforementioned judgment, one Betty Englart recovered a judgment against the same defendant in the sum of $8,186.45 plus $10 costs. By virtue of an order of this court, dated March 27th, 1939, the wages of the defendant, John B. Kates, were levied upon by the said Betty Englart. This wage execution was placed in the hands of the sheriff of Camden county who has since collected $15 a week upon it.

Shortly after the aforementioned order, Emory S. Kates, a son of the defendant John B. Kates, purchased the judgment held by Betty Englart and took an assignment of the same, together with an assignment of the wage execution for all of which he paid $500. The defendant John B. Kates had no knowledge whatsoever of the purchase by his son, and the sheriff, thereafter, paid the $15 to the son each week.

On October 5th, 1939, the plaintiff obtained an order for execution against the wages of the defendant which order was not to become effective until all the right and interest of Emory S. Kates, under the order of March 27th, 1939, were satisfied.

Plaintiff argues that since Emory S. Kates, the son, has already received $500 from the sheriff which is the price for which he purchased the judgment, all of his rights and interests thereunder have been satisfied. Accordingly, plaintiff now seeks to have the order of March 29th, 1939, "vacated or otherwise subordinated" to the order which he obtained on October 5th, 1939.

It is altogether clear that if Betty Englart had not sold her judgment and had continued to enjoy the fruits thereof, plaintiff could not be heard to complain. And the same is equally true if Betty Englart had sold the judgment and

assigned the order thereunder to some innocent purchaser for value who was not related to defendant. A *bona fide* purchaser of a judgment stands in the shoes of the judgment creditor from whom he made the purchase and he is entitled to his bargain. The right to any remedy which the assignor (Betty Englart) had as a creditor passed to her assignee, Emory S. Kates. *Cf. Wooley* v. *Moore,* 61 *N. J. L.* 16; 38 *Atl. Rep.* 758; *Wimpfheimer* v. *Perrine,* 61 *N. J. Eq.* 126, 133; 47 *Atl. Rep.* 769; *affirmed,* 65 *N. J. Eq.* 770; 67 *Id.* 597; 50 *Atl. Rep.* 356.

Plaintiff, however, argues that Emory S. Kates was not a *bona fide* purchaser. That argument is rested upon the premise that although there is concededly "no proof of actual fraud," the fraud if any which "may" exist is purely of "a constructive nature arising from the relationship (here existing) of father and son."

I know of no authority which makes a purchase by a son of a judgment against his father *ipso facto* fraudulent. Nor has any such authority, on added opportunity given to counsel, been brought to my attention.

There is no proof of a scheme as in *Wandling* v. *Thompson,* 41 *N. J. L.* 309, fraudulently to hinder or defraud creditors. Here, Emory S. Kates, as we have seen, made the purchase without the knowledge of his father, he effected the purchase and the assignment in his true name, and he says, without challenge, that he "made known to (the) plaintiff the full circumstances and details of the purchase, even to the exact amount paid for same." Emory S. Kates, as purchaser and assignee of the Betty Englart judgment and order thereunder is, under the circumstances, fully entitled to whatever gain he may reap from the bargain which springs, in addition to all things stated, from the vigilance and industry of his assignor in first obtaining the order in question.

The rule is discharged, with costs.