**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2113-17T1

OCWEN LOAN SERVICING, LLC,

  Plaintiff-Respondent,

v.

RODNEY O. LEE a/k/a RODNEY
LEE RCL MANAGEMENT,

  Defendant-Appellant,

and

AMERICAN EXPRESS BANK FSB,
SOMOYA BROWN, CAVALRY
PORTFOLIO SERV/CAVALRY LLC,
ASSIGNEE OF CAVALRY SPV I LLC,
ASSIGNEE OF BANK OF AMERICA/
FIA CARD SERVICES NA, DISCOVER
BANK, ROBIN (LAST NAME REFUSED),
TENANT OF RODNEY O. LEE a/k/a
RODNEY LEE, FORD MOTOR CREDIT
COMPANY LLC D/B/A VOLVO CAR
FINANCE NA, MIDLAND FUNDING LLC,
ASSIGNEE CHASE BANK USA NA,
IRENE MUNOZ, JANET SANDERS, JOHN
SANDERS, and TOWNSHIP OF HILLSIDE,

  Defendants.

_____

Submitted October 30, 2018 – Decided  November 8, 2018

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-030760-16.

Rodney O. Lee, appellant pro se.

Stradley Ronon Stevens & Young, LLP, and Udren Law Offices, attorneys for respondent (L. John Vassalotti, III, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Rodney O. Lee appeals from a June 26, 2017 Chancery Division order granting plaintiff Ocwen Loan Servicing, LLC (Ocwen) summary judgment, striking his answer and affirmative defenses, deeming the dispute an uncontested foreclosure, and returning the matter to the Office of Foreclosure for entry of final judgment.  Defendant also appeals from a December 20, 2017 order denying his motion to dismiss and the December 28, 2017 final judgment.  We affirm.

On August 6, 2007, defendant executed a $224,000 promissory note to REMI Capital, Inc. (REMI).  As security for repayment, defendant executed a mortgage in the same amount to Mortgage Electronic Registration Systems, Inc., (MERS) as nominee for REMI.

The REMI mortgage was assigned twice. On June 9, 2016, MERS assigned the mortgage to OneWest Bank, FSB (OneWest). Ocwen purchased the original note on April 28, 2016, and received an assignment of the mortgage from OneWest on July 28, 2016.

Defendant defaulted on the loan by failing to make the monthly payment due on July 1, 2009 and thereafter. Consequently, on June 15, 2016, and in accordance with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68, Ocwen, through counsel, sent defendant a notice of intention to foreclose (NOI). Ocwen filed a foreclosure complaint on November 14, 2016, and on December 16, 2016, defendant filed his contesting answer with affirmative defenses.

On April 12, 2017, Ocwen filed a motion for summary judgment and to strike defendant's answer. The motion included a certification from Daniel Delpesche (Delpesche), who was employed by Ocwen as a Contract Management Coordinator. Delpesche certified that Ocwen had possession of the note prior to mailing the NOI and the filing of the foreclosure complaint. He also stated that defendant remained in default under the note.

In addition to opposing Ocwen's motion, defendant moved to dismiss the foreclosure complaint. In both applications, defendant argued that the Delpesche certification and other evidence submitted by Ocwen failed to

3

establish Ocwen's standing. Specifically, defendant maintained that Ocwen did not prove that it owned and held the note prior to the filing of the foreclosure action and further argued that the assignment from OneWest to Ocwen was invalid. Finally, defendant claimed the NOI was deficient because on June 15, 2016, the date Ocwen sent the NOI, it had not yet received the OneWest assignment and, therefore, was not a "lender" as defined in the FFA.

In a June 26, 2017 order, the court granted Ocwen summary judgment and on August 29, 2017, denied defendant's motion for reconsideration. The court determined that Ocwen served a compliant NOI and had standing to proceed with the foreclosure. The court also concluded that defendant was in default for failing to make the payments required by the mortgage documents.[1]

On appeal, defendant raises the same arguments rejected by the trial court. Specifically, defendant claims that Ocwen: 1) was not a holder in due course of either the note or a valid assignment prior to instituting the foreclosure

---

[1] Although the June 26, 2017 order contains a handwritten notation that the motion judge placed his statement of reasons for the order on the record, the parties have not furnished a copy of the transcript containing the court's reasoning. However, within the written statement of reasons supporting the August 29, 2017 order denying defendant's reconsideration motion, and the December 20, 2017 order denying defendant's motion to dismiss, the court explained the factual findings and legal conclusions supporting the June 26, 2017 order.

complaint and therefore did not possess standing to prosecute the action; 2) failed to properly support its summary judgment motion with competent evidence; and 3) did not serve a NOI in accordance with the FFA. We are unpersuaded by defendant's arguments and affirm because the motion record established Ocwen's standing, its prima facie right to foreclose, and that it served a compliant NOI.

Our review of a ruling on summary judgment is de novo, applying the same legal standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment . . . as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). We accord no special deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

"The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises." Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542 (App. Div. 1994). A party

seeking to foreclose must demonstrate "execution, recording, and non-payment of the mortgage." Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952). In addition, the foreclosing party must "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). In Mitchell, we held that possession of the note or an assignment of the mortgage predating the original complaint conferred standing. Id. at 225.

Based on the summary judgment record, we agree with the Chancery court that Ocwen had standing to proceed with the foreclosure action because it possessed the note prior to mailing the NOI and filing the foreclosure complaint. Ocwen remained in possession of the note throughout the proceedings and established, by way of admissible and competent proofs, the validity of the mortgage, the amount of the indebtedness, and the right to resort to foreclosure of the mortgaged premises. Further, defendant did not dispute that he signed the note and mortgage, defaulted on the payment, and has not paid the mortgage since July 1, 2009.

We also reject defendant's argument that Ocwen failed to properly support its summary judgment motion. On this point, the summary judgment record

contained the Delpesche certification which fully complied with Rule 1:6-6. Delpesche certified as to his personal knowledge of Ocwen's business records based on his "thorough[] review[]" of those records, which included the true and correct copies of the note and mortgage attached to his certification. As to the assignment from OneWest, he certified that the mortgage was assigned to plaintiff prior to the commencement of the foreclosure action and that Ocwen possessed the original note as of April 28, 2016.

We reject defendant's argument that the NOI was defective and that he had a valid defense to the foreclosure complaint. Defendant does not deny that the NOI was sent to the mortgaged property in accordance with the FFA. Rather, he maintains that because Ocwen did not receive the OneWest assignment until July 28, 2016, approximately six weeks after it sent the June 15, 2016 NOI, it was not the "lender" as defined in the FFA and, therefore, the NOI was invalid and the foreclosure proceedings improperly commenced.

We acknowledge that pursuant to N.J.S.A. 2A:50-55, the FFA defines lender as an entity that "makes or holds a residential mortgage, and any . . . entity to which such residential mortgage is assigned," and that at the time the NOI was mailed, OneWest had not yet assigned the mortgage. However, as we have already concluded, at the time the NOI was sent, Ocwen was in physical

possession of the original note and therefore had authority to enforce the mortgage.

As a result, under the facts of this case, and consistent with New Jersey law, Ocwen was effectively the lender when it sent the NOI. Indeed, "an assignment of a bond or note evidencing a secured obligation . . . [operates] as an assignment of the mortgage 'in equity.'" Bank of New York v. Raftogianis, 418 N.J. Super. 323, 348 (Ch. Div. 2010) (citing 29 Myron C. Weinstein, New Jersey Practice, Law of Mortgages § 11.2 at 748 (2d ed. 2001)); see also Hyman v. Sun Ins. Co., 70 N.J. Super. 96, 101 (App. Div. 1961) (noting "an assignment of a debt, if not limited in its scope, carries with it the promises and undertakings connected therewith and tending to secure its payment"); Fed. Reserve Bank of Philadelphia v. Welch, 122 N.J. Eq. 90, 92 (N.J. Ch. 1937) (noting "the transfer of the notes . . . secured by the bond and mortgage, operate[d] as an assignment of the bond and mortgage").

Finally, to the extent the NOI was deficient because Ocwen sent the NOI shortly before receiving the assignment from OneWest, any violation would not provide a valid defense to Ocwen's foreclosure. Indeed, defendant's argument ignores the principle that foreclosure is a "discretionary remedy." Brunswick Bank & Tr. v. Heln Mgmt. LLC, 453 N.J. Super. 324, 330 (App. Div. 2018).

"Because the pursuit of that remedy summons the court's equity jurisdiction, the court may, through the imposition of flexible remedies, adjust the parties' rights, with regard to the facts, to achieve a fair and just result." Id. at 330-31. "[E]quity must be applied to plaintiffs as well as defendants" in foreclosure matters. Deutsche Bank Tr. Co. v. Angeles, 428 N.J. Super. 315, 320 (App. Div. 2012).

Further, the equitable remedies may be tailored to "allow [the] relief to be fashioned directly to redress the statutory violations shown." Brenner v. Berkowitz, 134 N.J. 488, 514 (1993). "A trial court adjudicating a foreclosure complaint in which the [NOI] does not comply with [the notice provisions of the FFA] may dismiss the action without prejudice, order the service of a corrected notice, or impose another remedy appropriate to the circumstances of the case." US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 476 (2012).

Here, the NOI was served in June 2016, nearly five months before Ocwen commenced foreclosure proceedings, and clearly gave defendant notice of the impending foreclosure action and an opportunity to object to his default. The NOI also listed Ocwen, the undisputed holder of the note. See Guillaume, 209 N.J. at 472 (the purpose of a NOI is to "unmistakably direct[] . . . homeowner[s] . . . [to] the exact entity to which he or she owes the balance of the loan.").

A-2113-17T1

Further, following defendant's default and receipt of the NOI, and during the nearly five-months of inactivity prior to Ocwen filing the foreclosure complaint, defendant failed to attempt to cure his default or negotiate his payments under the note and mortgage. The record does not support any claim that defendant was hindered from curing or negotiating his default during this period or at any time thereafter when he was aware that plaintiff held a valid assignment. We therefore conclude that the NOI did not pose a barrier to defendant curing, or attempting to cure, his default.

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2113-17T1